DANIEL GIBB, Appellant, *v.* FREDERICK PROBST and STEWART A. SMITH, Respondents.

Where A. and B. enter into a written agreement, by which A. was to furnish lumber, and an invoice thereof at stated prices to be annexed to the agreement, and the lumber then to be shipped, consigned to C. for sale, and the proceeds remitted to B., and B. agreed "of the proceeds" to pay A. the full amount of the invoice price, without any deduction whatever ; and the remaining proceeds were then, after paying charges, to be equally divided between the parties ; and the cargo was sold for less than the invoice price ; it was held not to be a guaranty by B. that the lumber should sell for the invoice price, but yet that A. was entitled to all the gross proceeds, and the expenses, &c. must fall on B.

APPEAL from the Superior Court of the City of San Francisco.

The appellant filed his complaint against the respondents, stating that a written contract was made between the parties on the 8th of February, 1850, at San Francisco, by which the plaintiff was to ship, and the defendants to receive on board the schooner Isabel, a cargo of lumber, &c., then on board another vessel, as soon as the same could conveniently be done, an invoice of which, at the prices noted at the foot of the agreement, and signed by the parties, was to be attached to, and form part of the contract ; the cargo to be consigned, with convenient dispatch, to one Whiting, at Vernon, for sale there ; and the defendants bound themselves to pay the plaintiff, " of the proceeds," the full amount of said invoice price, without any deduction whatever, and the surplus proceeds to be divided as follows ; one-half of the gross proceeds, after deducting said invoice price, to be paid to the owners of the Isabel, as freight, and the remaining half, after deducting charges, say commissions of sale, labour, and minor expenses, to be equally divided between the two parties ; the commissions for selling not to exceed 10 per cent. on the gross proceeds, and no other charges to be made except those actually paid for labour, &c. ; and the defendants undertook that the consignee should remit to them as sales should be effected, with accounts of sales, commissions, and the proportions due the vessel for freight, to the dates of the respective remittances, the net proceeds of each remittance, when received, to be delivered

over to the plaintiff, till sales of the whole shipment should be effected, and the final account then made up, and the proceeds divided as before stated.   The complaint further stated, that the lumber was shipped on the Isabel, and an invoice, amounting to $11,266.72, at the prices noted, and signed by the parties, annexed to the agreement; that the cargo had been sold, and the defendants had received the proceeds to the amount of $4863.90 ; that the defendants had failed to pay the plaintiff the full amount of the invoice price, without deduction ; and had also failed to pay him the proceeds received ; and praying judgment for $20,000, with costs, &c.

The answer of the defendants set up, that Whiting was the agent and consignee of the plaintiff and defendants jointly, and sold a portion of the cargo for $2207.73 ; out of which he deducted for expenses and commissions $681.82, and remitted the balance, $1525.91, to the defendants, who paid it to the plaintiff ; that Whiting sold another portion of the cargo to J. C. Sutter for $1000, which remained uncollected, and another portion to another person for $76.45, which was also uncollected ; and that the residue of the cargo was sold for $1489.32 ; that the defendants received of the proceeds of all the sales only $2053.95, which they had paid to the plaintiff ; that $90.40 of the proceeds of sales made by Whiting yet remained in his hands ; and that the defendants had incurred and paid expenses on the cargo the sum of $8000, which exceeded the amount of the gross proceeds of all the sales; and therefore they prayed judgment against the plaintiff for $2053.94, and costs.

By consent of parties, judgment was entered for the defendants, to have the like effect as a judgment upon the report of a referee in favour of the defendants, subject to an appeal to the Supreme Court, upon an agreed statement of facts, and waiving all irregularities.   The case agreed upon stated the agreement and invoice as mentioned in the complaint; the shipment of the lumber, for which the plaintiff received a bill of lading, signed by the master of the Isabel, deliverable at Vernon, to Whiting or assigns, paying freight as per said agreement between the parties ; that the cargo was sold at Vernon, in different parcels, and at different times, for the gross sum of $4826.10 ; whereof Whiting received $3129.65, of which he retained, for alleged

expenses and commissions, $1652.46, and also retained a further sum of $90.40, and the balance,—$1386.79,—he paid to the defendants; $1076.40 yet remained uncollected; and $620 was received by defendants for sales made by them : that the defendants had paid the plaintiff $1854.14; and that the expenses incurred by them exceeded the balance of the proceeds actually received by them. The several accounts of sales, &c., were annexed to the case, as part of the facts; and it was further stated, that on the 30th of October, 1850, the defendants informed the plaintiff that Whiting declined taking further charge of the lumber remaining unsold; and they requested plaintiff's instructions, stating that in default of his giving such instructions by the 8th of the ensuing month, they should sell the lumber; to which the plaintiff only answered by referring to the contract; and thereupon the defendants sold the balance of the lumber, as before stated.

*Botts* and *Emmett*, for the appellant. 1st. By the true construction of the contract, on a sale of all the lumber, the defendants were bound to pay the plaintiff the full amount of the invoice price, without regard to the amount of the proceeds. 2nd. At all events, the defendants were bound to pay the gross amount of the proceeds,—$4826.10,—until they should amount to the invoice price,—over $11,000. The plaintiff, therefore, was entitled to a judgment for at least $2971.96, having been paid only $1854.14.

*E. Norton*, for the respondent.

Justice MURRAY delivered the opinion of the Court. We do not think the appellees intended to guarantee the invoice price of the lumber. Such a conclusion can only be sustained by a forced construction of the contract. The invoice price was, by the contract, to be paid out of the proceeds, without any deductions whatever. The agreed case shows, that the gross receipts amounted to $4826.10, of which the appellant has only received $1854.14. The deduction of costs and charges of various descriptions is improper. As by the terms of the contract, the invoice price is first to be deducted, all charge or expense must devolve upon the appellees.

The judgment must be reversed, with costs, and directions to

the Court below to enter judgment for the appellant, in conformity with this opinion.